UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


JASON B. HANSHAW,

    Plaintiff

v.                              Civil Action No. 2:06-cv-906

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant


MEMORANDUM OPINION AND ORDER

This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objections to the Proposed Findings and Recommendation ("PFR") of United States Magistrate Judge Mary E. Stanley, entered on October 19, 2007.


I.


Plaintiff Jason Hanshaw filed his application for supplemental security income and disability insurance benefits on June 29, 2004, alleging disability as of November 30, 2003, due to a back impairment and knee pain. (Tr. at 54-57, 71-72, 251-53). Plaintiff's claim was denied initially and upon reconsideration. (Id. at 29-33, 37-39, 255-59, 261-63). A

hearing was conducted on plaintiff's claim on December 20, 2005, subsequent to which the administrative law judge ("ALJ") issued a decision, dated April 28, 2006, finding that plaintiff was not entitled to benefits. (Id. at 13-21). The decision became final on September 1, 2006, after the Appeals Council considered additional evidence offered by the plaintiff and determined it did not provide a basis for changing the ALJ's decision. (Id. at 6-9). On October 25, 2006, plaintiff instituted this action seeking judicial review of the administrative decision pursuant to 42 U.S.C.A. § 405(g). (PFR at 2).

On October 19, 2007, the magistrate judge issued her proposed findings and recommendation, finding that the ALJ's decision was supported by substantial evidence and recommending that the Commissioner's decision denying plaintiff benefits be affirmed. (Id. at 24). Plaintiff filed objections on October 31, 2007, contending the magistrate judge erred in her evaluation of the record, particularly with respect to the ALJ's assessment of the credibility of the plaintiff's statements and his physicians' opinions. (Pl.'s Obj. at 1-2).

II.

Rule 72(b) of the Federal Rules of Civil Procedure provides, in part, that once a magistrate judge has entered a recommendation for the disposition of a matter that is dispositive of the claim of a party,

> [w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) (2004).

With respect to the parts of a magistrate judge's recommendation to which specific objections have been made, the phrase "de novo determination" does not direct a district judge to conduct a specific kind of review. Rather, to make a "de novo determination" means that a district court judge must give "fresh consideration" to the objected-to portions of a magistrate judge's recommended decision. See United States v. Raddatz, 447 U.S. 667, 675 (1980) (discussing legislative history). The type

of "fresh consideration" a district judge chooses to exercise is a matter within the judge's discretion. "[I]n providing for a 'de novo determination' rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." Id. at 676; see also Aluminum Co. of Am. v. United States Envtl. Protection Agency, 663 F.2d 499, 501-02 (4th Cir. 1981) (finding a clearly erroneous standard of review "not necessarily inconsistent with the requirements of a de novo determination").

In reviewing the proposed findings and recommendation of a magistrate judge de novo, the court considers whether the magistrate judge effectively applied the substantial evidence standard. Our court of appeals has observed the low threshold governing substantial evidence review, observing that such evidence is that:

> which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966) (emphasis added). Once the court finds substantial evidence to support the decision, the inquiry ends. Id. "In reviewing for substantial

evidence, [the court should] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Id. (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)).

### III.

Having reviewed the record de novo, the court concludes that the ALJ appropriately characterized and weighed the evidence, and the magistrate judge accurately and fully evaluated the ALJ's decision. Most of plaintiff's argument is mere factual recitation. Although plaintiff points to a number of facts which appear to weigh against the findings of the ALJ, the court concludes that the ALJ's decision was nonetheless supported by substantial evidence. It is not the court's function to re-weigh the evidence. Craig, 76 F.3d at 589. Rather, the court must consider only whether there is "more than a mere scintilla of evidence" to support the findings of the ALJ. Laws, 368 F.2d at 642. As is thoroughly discussed by the magistrate judge in her

PFR, the ALJ's decision is supported by substantial evidence. (PFR at 17-18).

With regard to the ALJ's finding that the plaintiff's statements about the intensity, duration, and limiting effects of his symptoms were not entirely credible, plaintiff asserts that the ALJ failed to consider the entire case record and disregarded plaintiff's statements in violation of SSR 96-7. (Pl.'s Obj. at 3-4). Specifically, plaintiff contends that the ALJ disregarded his statements solely because they were not substantiated by objective medical evidence. (Id.). As noted by the magistrate judge in her PFR, the ALJ considered many factors in determining the credibility of the plaintiff's statements, such as his "daily activities, the location, duration, frequency, and intensity of [his] pain, precipitating and aggravating factors and [his] medication." (PFR at 15). Furthermore, the ALJ's decision was based upon the evidence as a whole. (Id.). The ALJ did not merely disregard plaintiff's statements because they were not substantiated by objective medical evidence, as asserted by plaintiff. The facts noted by the magistrate judge provide substantial evidence to support the ALJ's finding that the plaintiff's statements were not entirely credible.

Additionally, plaintiff contends that the ALJ's

rejection of the opinion of Thomas Goodwin D.C., a chiropractor, as an "other source" was not a proper basis to disregard this evidence. (Pl.'s Obj. at 5-6). Plaintiff notes that the regulation states that such other sources may be used.

The regulations specifically identify the kinds of evidence that may be considered to determine the existence of an impairment. 20 C.F.R. 404.1513. The regulation begins by defining "acceptable medical sources" such as licensed physicians and licensed or certified psychologists. Id. It later notes, however, that "[i]n addition to evidence from the acceptable medical sources. . ., we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include . . . chiropractors . . . ." Id.

Although the magistrate judge, in her PFR, notes that the opinion of Thomas Goodwin D.C. is an "other source" and that other sources may be used as evidence, she observes that the ALJ rejected the chiropractor's opinion on still other grounds. (PFR at 20). As is thoroughly discussed by the magistrate judge in her PFR, the ALJ rejected the chiropractor's opinion because it was not supported by objective medical evidence. (Id.). The magistrate judge lists several factors relied upon by the ALJ to

7

support his decision, such as the opinion of Dr. Watkins, a rheumatologist, and the ALJ's finding that the MRIs and x-rays were largely normal. (Id.). These factors provide substantial evidence to support the ALJ's decision.

IV.

For the reasons stated, and having reviewed the record de novo, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety. It is ORDERED that defendant's motion for judgment on the pleadings be, and it hereby is, granted, and that plaintiff's motion for judgment on the pleadings be, and it hereby is, denied. It is further ORDERED that the final decision of the Commissioner be, and it hereby is, affirmed.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: February 4, 2008

John T. Copenhaver, Jr.
United States District Judge